**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Taplima Ansu,<br><br>                    Plaintiff,<br><br>v.<br><br>CoreCivic, et al.,<br><br>                    Defendants. | No.  CV 18-03851-PHX-DWL (DMF)<br><br>**ORDER**<br><br>**AND**<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Taplima Ansu, who is currently confined in the La Palma Correctional Center in Eloy, Arizona, brought this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and Arizona law.

Now pending before the Court are three motions: (1) a motion to dismiss filed by defendant Dr. Ahktar Hamidi, M.D. (Doc. 75), which defendants Dr. Kirby and CoreCivic, Inc. ("CoreCivic") have joined (Doc. 78); (2) a motion for summary judgment filed by defendants Dr. Kirby, CoreCivic, and CoreCivic Case Managers Gonzales, Miranda, and Broe (collectively, "CoreCivic Defendants") (Doc. 85); and (3) a motion to dismiss for failure to comply with court orders and to prosecute, also filed by the CoreCivic Defendants (Doc. 101).

Ansu was informed of his obligation to respond to these motions and joinders (Docs. 79, 80, 91, 102) and largely failed to do so. As for Dr. Hamidi's motion, Ansu initially argued it was premature (Doc. 77), then sought and obtained an extension of time to respond (Docs. 83, 95), and then filed a half-page request for a "hold" and for appointment

of counsel (Doc. 96), which was denied (Doc. 98).  Afterward, Ansu filed another short document that did not address the merits of Dr. Hamidi's dismissal arguments.  (Doc. 99).  As for the second and third motions, Ansu did not file any response.

For the reasons that follow, the Court will grant Dr. Hamidi's motion, deny without prejudice Dr. Kirby and CoreCivic's joinder in that motion, defer ruling on the remaining motions, and order Ansu to show cause why the Court should not dismiss this action for failure to prosecute.

I.      Background

Ansu's claims in this action arise from his alleged sexual assault by another detainee while confined as a federal immigration detainee in the Central Arizona Florence Correctional Complex ("CAFCC") in Florence, Arizona.  On screening the four-count First Amended Complaint (Doc. 6) under 28 U.S.C. § 1915A(a), the Court determined that Ansu had stated Eighth Amendment failure-to-protect claims against CoreCivic, Broe, Miranda, and Gonzalez in their individual and official capacities in Count One, state-law negligence claims against CoreCivic, Broe, Miranda, and Gonzales in Count Two, and state-law negligence claims against CoreCivic, Dr. Kirby, and Dr. Hamidi in Count Four.  (Doc. 33.)  The Court directed these defendants to answer the respective claims against them and dismissed the remaining claims and defendants.  (*Id.*)

II.     Dr. Hamidi's Motion to Dismiss

A.     **Legal Standard**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (citation omitted).  In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant.  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  A pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  If a court considers evidence outside the pleading, it generally must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).  A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.  *Id.*

B.  **Discussion**

Ansu's claim in Count Four arises from the alleged negligence of Dr. Hamidi and Dr. Kirby in responding to his mental health needs following his sexual assault by another detainee.  (Doc. 6 ¶¶ 80-101, 119-122.)  Ansu alleges that, after the assault, he requested mental health assistance and met with Dr. Kirby, a psychologist, who referred him to Dr. Hamidi, a psychiatrist.  (*Id.* ¶¶ 44-46.)  Ansu further alleges that Dr. Hamidi interviewed him through his cell door, forcing him to yell and allowing other inmates to overhear the conversation.  (*Id.* ¶¶ 47-50.)  Ansu further alleges that, despite his complaints about "sleeplessness," "disturbing unnatural sexual dreams," and "trust issues about having a cell mate," Dr. Hamidi and Dr. Kirby each failed to "address the sexual violation issue," refused to provide treatment, and failed to follow up on Ansu's anxiety and depression.  (*Id.* ¶¶ 57-

60, 118-23.)  According to Ansu, this conduct breached the "duty of care" that Dr. Hamidi and Dr. Kirby owed to him, which was "commensurate with the normal standard of care for a plaintiff like Plaintiff."  (*Id* ¶¶ 119-20.)  Finally, Ansu alleges that CoreCivic may be held liable "under the theory of respondeat superior for the actions of its employees [Drs.] Kirby and Hamidi."  (*Id.* ¶ 123.)

### 1.    Dr. Hamidi

Under Arizona law, a party asserting a claim against a "health care professional" must file a written statement at the outset of the case certifying "whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability for the claim."  A.R.S. § 12-2603(A).  If the party agrees that expert testimony is necessary, it must "serve a preliminary expert opinion affidavit" that addresses the expert's qualifications, summarizes the factual basis for the claim, explains why the health care professional's conduct constituted "a violation of the applicable standard of care," and explains why the health care professional's conduct "caused or contributed to the damages or other relief sought by the claimant."  *Id.* § 12-2603(B).  If the party disagrees that expert testimony is necessary, the opposing party may "dispute[] that certification in good faith" and request "an order requiring the claimant . . . to obtain and serve a preliminary expert opinion affidavit."  *Id.* § 12-2603(D).  In that circumstance, the court must determine whether a preliminary expert affidavit is required.  *Id.* § 12-2603(E).  If the Court orders the claimant to file and serve a preliminary expert opinion affidavit, and the claimant fails to do so, "the court, on its own motion or the motion of the health care professional . . . shall dismiss the claim against the health care professional . . . without prejudice."  *Id.* § 12-2603(F).

Here, Ansu did not file the required written statement at the outset of this action. Accordingly, on October 10, 2019, Dr. Hamidi filed a motion to compel, arguing that an expert affidavit was required because Ansu's claim against him was for medical negligence against a licensed healthcare professional and because expert testimony would be required

to show both whether he fell below the applicable standard of care and whether this failure was the proximate cause of Ansu's claimed injuries.  (Doc. 44.)

On November 14, 2019, after the motion to compel was fully briefed, Magistrate Judge Fine found in favor of Dr. Hamidi and issued an order compelling Ansu to file and serve the required expert affidavit.  (Doc. 53.)

On November 25, 2020, Ansu appealed that order.  (Doc. 57.)

On February 18, 2020, Dr. Hamidi filed his motion to dismiss.  (Doc. 75.)  He argues that Count Four must be dismissed pursuant to A.R.S. § 12-2603(F) because Ansu has failed to produce a preliminary expert affidavit.  (*Id.*)

On February 20, 2020, two days after Dr. Hamidi filed his motion, this Court issued an order affirming Magistrate Judge Fine's decision.  (Doc. 76.)  In that order, the Court rejected Ansu's argument that an expert affidavit was unnecessary, holding that (1) whether Dr. Hamidi's alleged negligence in interviewing Ansu about the sexual assault within earshot of third parties fell below the applicable standard of care depended on, and thus required expert evidence concerning, the unique context of providing psychiatric care within a detention setting; (2) whether Dr. Hamidi acted negligently by failing to follow up with Ansu after the initial interview was "a textbook example of a situation where expert testimony is needed"; and (3) whether Dr. Hamidi's alleged misconduct exacerbated the mental distress Ansu acknowledged he was already experiencing before he saw Dr. Hamidi "raises complex questions of causation—how much of Ansu's suffering can be attributed to Dr. Hamidi's conduct and how much would have persisted even if Dr. Hamidi had provided Ansu's preferred course of medical care?"  (*Id.* at 4-5.)

Despite this ruling, Ansu has not filed a preliminary expert affidavit.  In his response to Dr. Hamidi's motion, Ansu argued only that the motion was "premature" because he had appealed Judge Fine's order.  (Doc. 77.)  Yet the response was filed after the Court had already affirmed Judge Fine's order.  Moreover, even if Ansu did not become aware of the Court's affirmance until after he submitted his response, five months have now

1  passed.  Ansu still has not filed and served a preliminary expert affidavit, nor has he
2  requested an extension of time to do so.

3      Arizona law compels the dismissal of Ansu's negligence claim against Dr. Hamidi
4  under these circumstances.  Per A.R.S. § 12-2603(F), this dismissal is "without prejudice."

5                    2.    Dr. Kirby and CoreCivic

6      Like his claim against Dr. Hamidi, Ansu's claim against Dr. Kirby is based on
7  alleged medical negligence in providing mental health care following Ansu's sexual
8  assault.  (Doc. 6 ¶¶ 118−122.)  Ansu's claim against CoreCivic, meanwhile, is based on a
9  theory of respondeat superior for the alleged negligence of both Dr. Hamidi and Dr. Kirby
10 as CoreCivic employees.  (*Id.* ¶ 123.)  As such, the claims against all three defendants
11 require a showing that Ansu's medical treatment below the applicable standard of care and
12 caused Ansu to suffer harm.

13     Unlike Dr. Hamidi, Dr. Kirby and CoreCivic did not move to require Ansu to file
14 and serve a preliminary expert affidavit.  Therefore, the Court did not separately order Ansu
15 to produce a preliminary expert affidavit to support his claims against them.

16     Given this backdrop, Dr. Kirby's and CoreCivic's joinder, which argues they are
17 entitled to dismissal of Count Four for the same reasons as Dr. Hamidi (Doc. 78), will be
18 denied without prejudice.  Under A.R.S. § 12-2603(F), the court must dismiss a claim
19 against a health care professional in two circumstances: first, "if the claimant . . . fails to
20 file and serve a preliminary expert opinion affidavit after the claimant . . . has certified that
21 an affidavit is necessary", and second, if "the court has ordered the claimant . . . to file and
22 serve an affidavit" and the claimant fails to do so.  Neither circumstance is present here—
23 Ansu didn't certify at the outset of this case that an affidavit was necessary with respect to
24 his claim in Count Four against Dr. Kirby and CoreCivic and the Court never ordered Ansu
25 to file an affidavit as to those defendants.

26     This does not, however, end the inquiry.  Ansu violated A.R.S. § 12-2603(A) by
27 failing to file a certification at the outset of this case addressing whether his claim in Count
28 Four against Dr. Kirby and CoreCivic had to be supported by expert opinion testimony.

The Court has already concluded that the claim against Dr. Hamidi in Count Four requires such testimony and reaches the same conclusion, for the same reasons, as to Dr. Kirby and CoreCivic.  Thus, the Court will formally order Ansu to serve and file a preliminary expert affidavit to support his claim in Count Four against Dr. Kirby and CoreCivic.  The affidavit must be filed and served within 15 days of the issuance of this order.  If Ansu fails to comply, the Court will then be empowered, under A.R.S. § 12-2603(F), to dismiss Count Four as to Dr. Kirby and as to CoreCivic.  *Cf. Stephens v. Corizon Health Care*, 2018 WL 4501588, *6 (D. Ariz. 2018) ("[B]ecause Plaintiff argues that Corizon is liable for [Corizon employee] Rodriguez's actions under the doctrine of *respondeat superior* . . . Plaintiff must present expert testimony to support her claims . . . based on Rodriguez's actions.")

III.   <u>Failure to Prosecute</u>

A.   **Legal Standard**

Ansu has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Even though the language of Rule 41(b) appears to require a motion from a party, the Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

B.   **Discussion**

The CoreCivic Defendants argue the Court should dismiss the remainder of this action based on Ansu's failure to prosecute.  (Doc. 101.)  They allege, and the docket reflects, that Ansu failed to respond to Dr. Kirby's and CoreCivic's joinder in Dr. Hamidi's motion, failed to respond to their motion for summary judgement, and failed to respond to their failure-to-prosecute motion, despite being warned of the consequences.

The CoreCivic Defendants further note that Ansu has yet to respond to their interrogatories and requests for production, despite being ordered to do so.  (Doc. 101 at 1, 4.)  On March 30, 2020, the CoreCivic Defendants filed a motion to compel.  (Doc. 82.)  After Ansu failed to respond, the Court granted the motion and ordered Ansu to respond to the discovery requests by June 5, 2020, the same date as the extended deadline for Ansu to respond to Dr. Kirby's and CoreCivic's joinder in Dr. Hamidi's motion to dismiss.  (Doc. 95 at 3.)  Ansu failed to do so.

The Court also notes that, on May 6, 2020, Ansu moved (for the fourth time) for the appointment of counsel and also moved (for the second time) for a hold "to respond to Defendant's Brief Regarding Access to Injunctive Relief."  (Doc. 96.)  In support of these requests, Ansu asserted that he and another detainee who was helping him with this case had been moved into quarantine due to the coronavirus and Ansu did not have access to his case paperwork.  (*Id.*)  In response, Defendants stated that Ansu was not in quarantine and that, although he had been in disciplinary segregation since May 12, 2020, he had access to his legal documents and would have continued access to them upon return to his regular cell.  (Doc. 97.)  Absent any response from Ansu to the contrary, the Court denied Ansu's motion.  (Doc. 98 at 2.)

Given this backdrop, it appears that Ansu has lost interest in further prosecuting this action and that dismissal under Rule 41(b) may be appropriate.  Rather than grant the CoreCivic Defendants' motion to dismiss for failure to prosecute, however, the Court will permit Ansu, within 15 days of this order, to file a response showing why that motion should not be granted and why this action should not be dismissed for failure to prosecute under Rule 41(b).[1]  Until that time, the Court will defer ruling on the remaining motions.

…

---

[1]     In the order notifying Ansu of his obligation to respond to the CoreCivic Defendants' motion to dismiss, the Court provided the required *Wyatt* warning, informing Ansu that "Defendants' Motion to Dismiss seeks to have your case dismissed.  A motion to dismiss will, if granted, end your case."  (Doc. 102.)  The Court did not, however, separately address the possibility of dismissing this action for failure to prosecute pursuant to Rule 41(b).  This, in part, is why Ansu will be provided a short amount of additional time in which to respond.

**IT IS ORDERED:**

(1)    The reference to the Magistrate Judge is **withdrawn** as to Dr. Hamidi's motion to dismiss (Doc. 75), Dr. Kirby's and CoreCivic's joinder (Doc. 78), the CoreCivic Defendants' motion for summary judgment (Doc. 85), and the CoreCivic Defendants' motion to dismiss for failure to prosecute (Doc. 101).

(2)    Dr. Hamidi's motion to dismiss (Doc. 75) is **granted.**  Ansu's claim against Dr. Hamidi in Count Four is **dismissed** without prejudice.

(3)    Dr. Kirby's and CoreCivic's joinder (Doc. 78) is **denied** without prejudice. Ansu must, within 15 days of this order, file and serve a preliminary expert affidavit to support his claim in Count Four against Dr. Kirby and CoreCivic.

(4)    Within **15 days** of this order, Ansu must file a **response**, showing good cause why the CoreCivic Defendants' motion to dismiss for failure to prosecute (Doc. 101) should not granted and why this action should not be dismissed for failure to prosecute under Rule 41(b).

(5)    If Ansu fails to respond to this order within **15 days** or fails to show good cause why this action should not be dismissed, the Court may dismiss this action pursuant to Rule 41(b) without further notice to Ansu and deny any pending motions as moot.

Dated this 30th day of July, 2020.

Dominic W. Lanza
United States District Judge